DLD-162                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1089
_____

IN RE:  KENDALL GARLAND,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-05329)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 25, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Filed: March 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

I.

   Kendall Garland ("Garland") petitions for a writ of mandamus to compel the

United States District Court for the Eastern District of Pennsylvania to rule on his petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  We will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2014, Garland filed his habeas petition in the Eastern District of Pennsylvania. In November 2014, Garland requested a stay or termination without prejudice. The District Court dismissed his petition without prejudice, and Garland filed a revised habeas petition in April 2015. The District Court referred his petition to Magistrate Judge M. Faith Angell in May for a report and recommendation. After several motions filed by Garland and the respondents, Garland filed a second request for a stay of the proceedings or voluntary dismissal without prejudice in July 2015. Magistrate Judge Angell recommended dismissing his petition without prejudice. Shortly thereafter, Garland filed objections to the report and recommendation ("R & R") and sought to withdraw his second request. Before the District Court could consider his objections, Garland appealed from the R & R in September 2015. (C.A. No. 15-3303.)

After Garland appealed, the District Court issued an order approving and adopting the R & R. Garland appealed from this order (C.A. No. 15-3719), and this Court dismissed both appeals for lack of appellate jurisdiction. The case remains pending in the District Court, where Magistrate Judge Angell issued an R & R on February 16, 2016, recommending that Garland's habeas petition be denied and dismissed.

## II.

The writ of mandamus is a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Three

2

conditions must be met before a petitioner should seek a writ of mandamus. Id. First, the petitioner must have "no other adequate means to attain the relief" he seeks; second, the right to have a writ of mandamus issued must be "clear and indisputable"; and the court that would issue the writ is satisfied that mandamus is appropriate under the circumstances. Id. at 378-79. A Court of Appeals may issue a writ of mandamus "on the ground that undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Garland asks this Court to issue an order directing the District Court to decide his habeas petition within 60 days or less. As set forth above, the District Court has not unduly delayed Garland's case. The docket shows that the District Court has taken steps to properly adjudicate Garland's habeas petition. Accordingly, we will deny Garland's petition for a writ of mandamus.